LINK 34

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

ACCURATE SURGICAL &
SCIENTIFIC INSTRUMENTS
CORPORATION, a New York
corporation, MARK D. EPSTEIN,
and DAVID HIDALGO,

    Plaintiffs,

    v.

HAYDEN MEDICAL, INC.,
a California corporation, and
CARNEGIE SURGICAL LLC,
a New Jersey corporation,

    Defendants.

Case No. 2:25-cv-08004-HDV-RAO

[~~PROPOSED~~] **FINAL JUDGMENT
AND PERMANENT INJUNCTION
AGAINST DEFENDANT
CARNEGIE SURGICAL LLC**

Honorable Hernán D. Vera

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

Plaintiffs Accurate Surgical and Scientific Instruments Corporation ("ASSI") and Dr. David Hidalgo ("Dr. Hidalgo") (collectively, ASSI and Dr. Hidalgo are referred to herein as "Plaintiffs"), and Defendant Carnegie Surgical LLC ("Defendant Carnegie") have stipulated and jointly moved for entry of final judgment as to Defendant Carnegie only, as follows:

1. That this consented Final Judgment and Permanent Injunction are entered into pursuant to a confidential settlement agreement between those Plaintiffs asserting claims in this action against Defendant Carnegie ("Confidential Settlement Agreement").

2. That this Court has subject matter jurisdiction over this action as well as personal jurisdiction over Defendant Carnegie.

3. That venue is proper in this judicial district.

4. That Dr. Hidalgo and ASSI are the owner and exclusive licensee, respectively of the mark HIDALGO (the "HIDALGO Mark") for use in connection with surgical apparatus and instruments for medical use (the "Goods");

5. That Dr. Hidalgo is the owner of pending U.S. Trademark Application Serial No. 99045828 for the HIDALGO Mark for the Goods filed on February 18, 2025.

6. That Defendant Carnegie has denied and continues to deny any wrongdoing, as well as any liability in this action.

7. That, except as expressly set forth in the Settlement Agreement, Defendant Carnegie, together with its subsidiaries, affiliates, officers, directors, agents, servants, employees, representatives (other than attorneys), successors and assigns, and all other persons acting at their direction or in active concert or participation with them (including distributors), are permanently enjoined and restrained from:

(a) using in any manner the HIDALGO Mark, any other HIDALGO-formative trademarks, or any other mark or name that is confusingly similar to or

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

a colorable imitation of the HIDALGO Mark owned by Dr. Hidalgo and exclusively licensed to ASSI;

(b) doing any act or thing or refraining from action in a manner calculated or likely to cause confusion or mistake in the minds of members of the public or prospective customers as to the source of the products offered or distributed by Defendant Carnegie, or likely to confuse members of the public or prospective customers into believing that there is some connection between Defendant Carnegie and Dr. Hidalgo and/or between Defendant Carnegie and ASSI or any such connection with any other entity owned by or associated with Defendant Carnegie, the foregoing including but not limited to offering to sell or selling, without correction, a Carnegie product when a customer or potential customer makes a request or inquiry using the HIDALGO Mark;

(c) otherwise competing unfairly with Plaintiffs Dr. Hidalgo and ASSI in any manner;

(d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in parts (a) through (c) of this injunction; or

(e) challenging, contesting, opposing, petitioning to cancel or otherwise taking any action to challenge or contest, the validity, enforceability, or ownership of the HIDALGO Mark and any trademark application or registration for the HIDALGO Mark, or assisting and/or funding any third party to take any of the foregoing actions.

8.     That in the event that Defendant Carnegie, its subsidiaries, affiliates, officers, directors, agents, servants, employees, representatives (other than attorneys), successors and assigns, and/or all other persons acting at their direction or in active concert or participation with them (including distributors), violate the terms of this Final Judgment, requiring Plaintiffs to move the Court for a finding of contempt and injunction,  Defendant Carnegie shall be liable for payment on

-2

demand to Plaintiffs for the liquidated damages in the sum of $10,000 for each instance of violation comprising a sale or offer of sale under the mark, plus reimbursement of Plaintiffs' reasonable attorneys' fees and costs in making such demand.

9.    That within five (5) days after Defendant Carnegie's receipt of written notice by Plaintiffs of Defendant Carnegie's violation of this Final Judgment and Permanent Injunction, Defendant Carnegie shall cure such violation, which cure shall include a recall of any products sold in violation of this Final Judgment and Permanent Injunction, together with documentation establishing steps taken by Defendant Carnegie to achieve such cure to Plaintiffs' satisfaction.

10.    That if Plaintiffs are required to make an application to this Court to enforce the terms of this Final Judgment or the parties' Confidential Settlement Agreement, they shall be entitled to the liquidated damages set forth herein as well as all reasonable attorneys' fees and costs related to such enforcement.  It is understood and agreed that said amount is fixed as liquidated damages because of the difficulty of ascertaining the exact amount of damages that may be sustained because of such use.  It is further understood and agreed that said amount fixed as liquidated damages is a reasonable amount, considering the damages that Plaintiffs will sustain in the event of such violation. Such liquidated damages and attorneys' fees shall not be exclusive of any other monetary or other remedies to which the Court may find Plaintiffs entitled in the event of such violation. Each of the parties acknowledges and represents that it has fully considered the effect of this provision for liquidated damages.

11.    That the Parties affirmatively waived any and all rights to appeal this consented Final Judgment and Permanent Injunction.

12.    That this Court retain jurisdiction over this matter to enforce compliance with the Permanent Injunction and Confidential Settlement Agreement.

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

-3

13.	That each party will bear its own costs and attorneys' fees associated with the action.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: __January 22__, 2026    _____

Honorable Hernán D. Vera
U.S. District Judge

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

-4